## Case No. 15,751.

### UNITED STATES v. MAY et al.

[2 Cranch, C. C. 507.] [1]

Circuit Court, District of Columbia. Nov. Term, 1824.

#### PRACTICE AT LAW—RETURN DAY—TERMS.

The United States are entitled to judgment at the return term, upon revenue bonds, although, by the general rule and practice of the court, the day after the last day of the term is the appearance day to all writs returnable to that term, and the court will, upon motion, rule the marshal to return the writ on some day during the term.

[Suit by the United States against J. C. May and M. Snyder.] Debt upon a revenue bond. The writ was returnable to this term.

Mr. Mason, for defendants, contended that the United States could not have judgment at this term, because the defendants, according to the rules and practice of this court, are not bound to appear, nor the marshal to return the writ until the first day after the end of the court. 3 Tucker, Bl. 274, 275. The marshal continues to serve process returnable to the court until the last day of the term.

Mr. Swann, U. S. Dist. Atty., contra, insisted that the act of congress of March 2, 1799, § 65 (1 Stat. 676), was imperative upon the court, and left them no discretion. The

[1] [Reported by Hon. William Cranch, Chief Judge.]

writ is, on its face, returnable on the first day of the term; and the court may call upon the marshal to return it on any day. And such has been the practice of this court ever since its first establishment. The act of congress is peremptory. The words are: "And where suit shall be instituted, on any bond, for the recovery of duties due to the United States, it shall be the duty of the court where the same may be pending to grant judgment at the return term upon motion," unless the defendant shall make oath that an error has been committed in the liquidation of the duties; "whereupon if the court shall be satisfied that a continuance until the next succeeding term is necessary for the attainment of justice, and not otherwise, a continuance may be granted until the next succeeding term, and no longer."

THE COURT (THRUSTON, Circuit Judge, absent) said that this is the return term of the writ; and that the act of congress was peremptory.

The marshal was then called upon, at the motion of the district attorney, to return the writ; which being done the defendants were called, and not appearing, judgment was entered up against the defendants.